940 F.2d 651
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles F. DAMRON, Petitioner,
v.
CLINCHFIELD COAL COMPANY, Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 91-2306.
 United States Court of Appeals, Fourth Circuit.
 Argued May 8, 1991.
Decided Aug. 6, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (88-2490-BLA)
 Sherry Lee Wilson, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, Va., for petitioner.
 Michael Francis Blair, Penn, Stuart, Eskridge & Jones, Abingdon, Va., for respondents.
 
 
 1
 Ben.Rev.Bd.
 
 
 2
 AFFIRMED.
 
 
 3
 Before SPROUSE and NIEMEYER, Circuit Judges, and HERBERT F. MURRAY, Senior United States District Judge for the District of Maryland, sitting by designation.
 
 OPINION
 PER CURIAM:
 
 4
 Charles F. Damron petitions for review of a decision of the Benefits Review Board of the Department of Labor which affirmed an Administrative Law Judge's denial of benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901, et seq. We affirm the Board's decision.
 
 
 5
 Petitioner Damron, fifty-nine, worked as an underground coal miner for fifteen years and was last employed with Clinchfield Coal Company until he was laid off in 1986. He filed a claim for black lung benefits in October 1984, and his application was administratively denied. After a hearing and consideration of medical reports, pursuant to the regulations contained in 20 C.F.R. Part 718, the ALJ concluded that Damron had not sustained his burden of proving that he was afflicted with pneumoconiosis and that, in any event, he failed to establish total disability resulting from black lung.
 
 
 6
 On appeal, Damron primarily contends that the ALJ's decision was not supported by substantial evidence. Numerous x-ray reports were submitted to the ALJ; the majority having been read by "B" reader physicians. While most of the readings were negative for pneumoconiosis, Damron argues that there is sufficient positive x-ray evidence to establish pneumoconiosis. Specifically, Damron notes that two of the most recent x-rays--those of August 21, 1987, and October 15, 1987--were read positive for pneumoconiosis by "B" readers. He further argues that the cumulative re-readings of earlier x-rays, which overwhelmingly resulted in negative readings, have little probative value.
 
 
 7
 It is true that an ALJ may not rely on a single negative reading as a basis for a finding that a claimant does not suffer from pneumoconiosis. 20 C.F.R. Sec. 718.202(b). Here, however, the medical evidence included forty-seven readings by "B" readers of eleven separate x-rays, forty of them negative and seven positive. Five x-rays received only negative readings by "B" readers. While the two most recent xrays--August 21, 1987, and October 15, 1987--each received one positive reading, the ALJ found significant the fact that the third most recent x-ray, that of May 7, 1987, received five negative readings from "B" readers and not one positive.
 
 
 8
 Moreover, although there is some conflict in the medical opinion evidence, as a whole there was substantial evidence supporting the ALJ's factual finding that Damron does not suffer from pneumoconiosis. Both Dr. Fino and Dr. Sargent found no evidence of coal workers' pneumoconiosis. Dr. Fino, who reviewed Damron's medical records but did not examine him, reported that he suffered from mild chronic bronchitis which was most likely caused by cigarette smoking. On the other hand, Dr. Kanwal and Dr. Robinette diagnosed pneumoconiosis. However, Dr. Kanwal reported that Damron suffered from chronic bronchitis as well as pneumoconiosis, and that he was "not sure" if the respiratory conditions were related to dust exposure from his coal mine employment. This finding is insufficient for Sec. 718.201. Moreover, the ALJ noted that Dr. Robinette's finding of simple pneumoconiosis was based in part upon a positive x-ray reading that was subsequently re-read as negative by four "B" readers. The ALJ was also impressed with the fact that Dr. Robinette noted Damron's long history of cigarette smoking, but failed to explain what past effect, if any, it had on the reported pulmonary condition. We therefore find that the denial of benefits to Damron is supported by substantial evidence.
 
 
 9
 While the above holding makes it unnecessary to consider the propriety of the ALJ's finding of no total disability due to pneumoconiosis, we note that none of the pulmonary function studies and only one of the four blood-gas tests produced qualifying values. There is at best a conflict of medical opinion and objective evidence which, when weighed, supports a finding of no total disability.
 
 
 10
 In view of the above, the judgment of the Benefits Review Board is affirmed.
 
 
 11
 AFFIRMED.